IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MONTEL WOODS a/k/a ANTONIO SMITH, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 14 C 10276 |
| NEWWORLD EBOIGBE, in his individual and official capacity, COOK COUNTY CORRECTIONAL OFFICER ZURELIA, DR. YAN K. YU, and COOK COUNTY, ILLINOIS, ) ) ) ) ) ) ) | Judge Joan B. Gottschall |
| Defendants. ) | |

**PLAINTIFF'S SECOND AMENDED COMPLAINT AT LAW**

NOW COMES Plaintiffs, MONTEL WOODS, a/k/a ANTONIO SMITH, (hereinafter referred to as "Plaintiff" or "Woods"), by and through his attorneys, ELLEN K. EMERY and DOUGLAS J. SULLIVAN of the law firm of ANCEL, GLINK. DIAMOND, BUSH, DiCIANNI and KRAFTHEFER, P.C., and complaint of Defendants NEWWORLD EBOIGBE and COOK COUNTY, ILLINOIS, as follows:

**INTRODUCTION**

1. This is a civil action seeking damages and injunctive relief for depriving Plaintiff, an incarcerated individual, against Defendant NEWWORLD EBOIGBE, while acting individually and under color of law as a Cook County Jail health employee, of rights secured by the Constitution and laws of the United States, including the rights secured by the 8th and 14th Amendments to the Constitution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §1983, 42 U.S.C. §1988, and the Eight and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343, and the aforementioned constitutional and statutory provisions. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to §1367 to hear and decide claims arising out of state law.

## PARTIES

3. Plaintiff is a citizen of the United States, who currently resides at Menard Correctional Center. At the times of the events described herein, Plaintiff was a prisoner at Cook County Jail, Chicago, Illinois.

4. Defendant NEWWORLD EBOIGBE was at all times relevant employed as a nurse at Cermak Health Services, a division of the Cook County Bureau of Health Services, and is being sued in his individual and official capacities.

5. Defendant NEWWORLD EBOIGBE was at all times relevant deliberately indifferent to Plaintiff's serious medical needs, and was acting individually and in his official capacity in the scope of his employment under color of the statutes, ordinances, regulations, customs and usages of COOK COUNTY, ILLINOIS.

6. Defendant COOK COUNTY CORRECTIONAL OFFICER ZURELIA was at all times relevant employed as a correctional officer at Cook County Jail, and is being sued in his individual and official capacities.

7. Defendant COOK COUNTY CORRECTIONAL OFFICER ZURELIA was at all times relevant deliberately indifferent to Plaintiff's serious medical needs, and was acting

individually and in his official capacity in the scope of his employment under color of the statutes, ordinances, regulations, customs and usages of COOK COUNTY, ILLINOIS.

8. Defendant DR. YAN K. YU, D.O., was at all times relevant employed as a physician by John Stroger Hospital, and is being sued in his official capacity.

9. Defendant DR. YAN K. YU, D.O. was at all times relevant deliberately indifferent to Plaintiff's serious medical needs, and was in his official capacity in the scope of his employment under color of the statutes, ordinances, regulations, customs and usages of COOK COUNTY, ILLINOIS.

10. Defendant COOK COUNTY, ILLINOIS runs Cook County Jail, John Stroger Hospital, and Cermak Health Services, the health service for detainees at Cook County Jail. Cook County Bureau of Health Services has overall responsibility for the provision of health services at Cook County Jail. Cook County is a duly incorporated governmental entity in Illinois, and is liable for any judgments related to its agents and employees arising in the course of their employment, pursuant to 745 ILCS 10/2-302.

**FACTS**

11. On or about September 30, 2014, Plaintiff was incarcerated in the Cook County Jail.

12. Plaintiff is currently housed at the Menard Correctional Facility in Menard, Illinois, and was previously housed at Stateville Correctional Facility in Joliet, Illinois, after leaving Cook County Jail.

13. On September 30, 2014, Plaintiff hit his left hand on a gate and sliced his hand open. He was taken first to Cermak Health Services, and then to Stroger Hospital. Plaintiff had cut the tendons in his left and was told by the physician at Stroger Hospital that he needed

surgery on his left hand. Surgery was scheduled for October 1, 2014. They also made a follow-up appointment for Plaintiff for October 3, 2014 at the Orthopedics Hand Clinic at Stroger Hospital for 2:15 p.m.

14. On October 1, 2014, Plaintiff went to Stroger Hospital expecting to have the scheduled surgery on his left hand, but they just changed the dressing on his hand and rescheduled him for surgery for October 8, 2014.

15. On October 3, 2014, Plaintiff was seen at the outpatient Hand Clinic for follow-up for his left hand laceration with tendon involvement near the index and long finger MCP joints. His dressing was cleaned and a volar splint applied. Extensor tendon repair surgery was rescheduled for October 15, 2014 to be performed by Dr. Andrew Brown.

16. On October 7, 2014, Plaintiff was seen by Defendant NEWWORLD EBOIGBE, R.N., at Cermak Health Service and educated on elevating his arm to reduce swelling and pain and given a sling.

17. On October 8, 2014, Plaintiff's dressing was changed against and he was reminded of his rescheduled surgery for October 15, 2014.

18. On October 15, 2014, Plaintiff was supposed to go to Stroger Hospital for scheduled surgery on his left hand. Defendant NEWWORLD EBOIGBE told Plaintiff that he did not have surgery scheduled and that he was not going back to Stroger Hospital. Defendant NEWWORLD EBOIGBE told Plaintiff that he did not need surgery, and that he, Defendant EBOIGBE, was not going to do any paperwork for Plaintiff to go to Stroger Hospital. Plaintiff was prescribed Motrin for two weeks. Defendant EBOIGBE noted that Plaintiff's symptoms were limited range of motion, pain, swelling, and trauma of two weeks' duration.

4

19. Also on October 15, 2014, Plaintiff informed Defendant CORRECTIONAL OFFICER ZURELIA that he needed medical attention because he was having severe paid in his left hand. Defendant ZURELIA told Plaintiff that he could not help Plaintiff and denied Plaintiff medical attention.

20. Later that day, October 15, 2014, during the 3:00 to 11:00 shift, Plaintiff was sent back to Cermak Health Services to get the wrap for his hand changed. Dr. Andew Q. DeFuniak at Cermak looked in the computer and told Plaintiff that he had been scheduled for surgery that day (October 15, 2014), an asked what Plaintiff was doing in front of him when he was supposed to be in surgery. Dr. DeFuniak noted that Plaintiff needed to be referred to the hand clinic urgently. Dr. DeFuniak's notes indicate that Plaintiff's "left hand broken for 2 weeks, swollen, not getting medicine or medical attention, need pain meds. Rx Motrin, Rx medication for hand antibiotic and education on elevating arm to reduce swelling and pain."

21. On October 21, Cermak Health Services rescheduled Plaintiff's surgery.

22. On October 23, 2014, Plaintiff complaint that he still had not had the required surgery on his hand and that he was in excruciating pain. Plaintiff was then scheduled to be seen at Cermak on October 24, 2014.

23. On October 24, 2014, Plaintiff against went to Stroger Hospital for the physician to take his blood and set a new date for surgery on his hand.

24. On October 29, 2014, Plaintiff again complained that the medication he was given for his hand was not helping with the pain, so on October 28, 2014, Cermak scheduled Plaintiff for hand clinic for the next week.

25. On October 29, 2014, Plaintiff was again sent to Cermak Health Service for transport to Stroger Hospital for surgery on his hand. When Plaintiff arrived at Cermak (during

5

the 7:00 a.m. to 3:00 p.m.), Cermak Transport said they did not have his paperwork so Cermak again rescheduled Plaintiff's surgery.

26. On November 2, 2014, Plaintiff reported that he had been in excruciating pain since his Tramadol prescription expired and that he needed a refill until he could have his surgery at Stroger Hospital.

27. On November 3, 2014, Plaintiff again complained that the medication he was being given for the pain in his hand was not working.

28. On November 5, 2014, Plaintiff was seen at the hand clinic and was given another hand clinic appointment for the following week. Despite the continuing pain in his hand, Plaintiff had only been given a ten-day prescription for Tramadol. He was then given Naproxen, which he again complained was not working. His hand was again evaluated, placed in a splint with flexion block and encouraged to work on range of motion.

29. On November 12, 2014, Defendant NEWWORLD EBOIGBE saw Plaintiff at Cermak Health Services for his continued complaints of pain. Defendant EBOIGBE told Plaintiff that he was taken off Naproxen on November 10, 2014, and that the doctor put him back on Tramadol, but Plaintiff would not get that medication until November 14, 2014. On November 14, 2014, he was not given any pain medication.

30. On November 19, 2014, Plaintiff against presented to the hand clinic in a short arm cast, where it was found that there was an extension lag of 20 degrees at the MCP joint of the left index and middle fingers. He was instructed to keep doing range of motion exercises and return to the clinic in one to two months.

31. On December 29, 2014, Plaintiff as seen by Defendant Dr. Yan K. Yu, Plaintiff asked Dr. Yu to refill the medical orders for permanent lower bunk because of Plaintiff's hand,

and for a cast or splint for his hand, but Dr. Yu denied all orders. Defendant DR. YU noted that Plaintiff present with a left hand tendon injury and recommended range of motion exercises and that Plaintiff follow up on January 27, 2015.

      32. On April 20, 2015, Plaintiff complained that Health Services does not call him for his hand therapy, that he cannot ball his hand up right and it hurt real bad and it was giving him problems doing his work outs or doing things he has to do for himself every day. Only over the counter drugs were offered.

      33. On November 4, 2015, Plaintiff was seen at the clinic by Dr. Jorge J. Prieto, M.D. Dr. Prieto's progress notes indicate that Plaintiff was "a follow-up of a left hand multiple lacerations to his tendons back in December 2014, specifically the index and long finger. He was found to have full extension and flexion of all digits but decreased at the index and long finger. Plaintiff had weakness in all 5 digits, but does improve with a wrist brace." Dr. Prieto stated that "at this point, no surgical intervention given that the injury was 2 years ago and he actually has intact range of motion and functional range of motion. He can follow up on a p.r.n. basis."

      34. Many of Plaintiff's requests for medical attention did not receive a proper response, thus his pain and condition worsened to the extent that he was constantly in pain, could not use his left hand and the fingers of his left hand properly, and the without the necessary surgery, the hand healed improperly.

      35. At all times relevant, Plaintiff's serious medical condition was made known to and observed by the Defendant, who did nothing about the need for medication and surgery, and forced Plaintiff to go for extended periods of time without pain medication.

36. Plaintiff submitted frequent and repeated grievances and requests for medical attention on account of his excruciating pain and need for surgery to his hand, but received little or no medical attention.

## Count I

### Section 1983, Fourteenth and Eighth Amendment Claim

1-37. Plaintiff realleges Paragraphs 1 through 36, above, as though fully set forth and incorporated herein.

38. The actions of the individual Defendants, described above, whereby Defendants were aware of but deliberately ignored the obvious serious medical needs of Plaintiff and the substantial risk of serious permanent injury, and failed to take appropriate steps to protect him, constituted deliberate indifference to Plaintiff's serious medical needs, thus violating 42 U.S.C. §1983 as well as the Fourteenth and Eighth Amendments to the United States Constitution.

39. As a direct and proximate result of these Constitutional violations, Plaintiff was caused to suffer great pain, loss of use of parts of his left hand and fingers, disfigurement, and mental anguish.

WHEREFORE, Plaintiff MONTELL WOODS a/k/a ANTONIO SMITH, demands judgment against the individual Defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) and further demands judgment against the individual Defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees pursuant to 42 U.S.C. §1988 and the costs of this action, and for such other and further relief as this Court deems just, proper and equitable.

### Count II

**Intentional Infliction of Emotional Distress Against the Individual Defendants**

1-40. Plaintiff realleges Paragraphs 1 through 39, above, as though fully set forth and incorporated herein.

41. The above-alleged conduct by the individual defendants was extreme and outrageous, exceeding all bounds of human decency.

42. Defendants performed the acts alleged above with the intent of inflicting severe emotional distress or with knowledge of the high probability that the conduct would cause such distress.

43. As a direct and proximate result of this conduct, Plaintiff did in fact suffer severe emotional distress, resulting in injury to his mind, body, and nervous system, including loss of sleep, mental anguish, and excruciating physical pain and emotional suffering.

WHEREFORE, Plaintiff MONTELL WOODS a/k/a ANTONIO SMITH, demands judgment against the individual Defendants, jointly and severally, for compensatory damages in an amount in excess of ONE MILLION DOLLARS ($1,000,000.00) and further demands judgment against the individual Defendants, jointly and severally, for punitive damages in an amount in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00), plus attorney's fees pursuant to 42 U.S.C. §1988 and the costs of this action, and for such other and further relief as this Court deems just, proper and equitable.

### Count IV

**Reimbursement Claim Against Cook County Pursuant to 745 ILCS 10/2-302**

44. In the event any individual Defendant(s) is or are found liable for their actions performed in the course of their employment, Defendant COOK COUNTY, ILLINOIS must indemnify the employee(s) for this liability or verdict pursuant to 745 ILCS 10/2-302.

WHEREFORE, Plaintiff MONTELL WOODS a/k/a ANTONIO SMITH demands that COOK COUNTY, ILLINOIS pay any compensatory judgments against individual Defendants who acted in the course of their employment.

Dated: July 19, 2016                    Respectfully submitted,

                                        */s/Ellen K. Emery*
                                        ELLEN K. EMERY, (ARDC# 6183693)
                                        *One of the Attorneys for Plaintiff*

Ellen K. Emery, ARDC #6183693
Douglas J. Sullivan, ARDC #6211465
ANCEL, GLINK, DIAMOND, BUSH,
DICIANNI & KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Telephone:    312.604.9172
Facsimile:    312.782.0943
Email: eemery@ancelglink.com
Email: dsullivan@ancelglink.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on July 19, 2016, the foregoing **Plaintiff's Second Amended Complaint at Law**, was electronically filed with the Clerk of the U.S. District Court for the Northern District of Illinois using the CM/ECF System, which will send notification of such filing to the following:

**Nicolas Paul Castiglione**
Cook County State's Attorney's Office
500 Richard J. Daley Center
Chicago, IL 60602
Tel: 312.603.5463
nicolas.castiglione@cookcountyil.gov

**Michael L. Gallagher**
Burke, Wise, Morrissey & Kaveny
161 N. Clark Street, Suite 3200
Chicago, IL 60601
Tel: 312.580.2040
Fax: 312.580.2041
mlg@bwmklaw.com

/s/ Ellen K. Emery
ELLEN K. EMERY, ARDC #6183693
One of the attorneys for Plaintiff

ANCEL, GLINK, DIAMOND, BUSH, DICIANNI
& KRAFTHEFER, P.C.
140 South Dearborn Street, Sixth Floor
Chicago, Illinois 60603
Tel: 312.604.9172
Fax: 312.782.0943
Email: eemery@ancelglink.com